[Cite as *State v. McNary*, 2022-Ohio-1842.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                   :

    Plaintiff-Appellant,               :

                                               No. 110924

    v.                                 :

ERIC T. MCNARY,                                  :

    Defendant-Appellee.                :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 2, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-658751-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant state of Ohio appeals the trial court's refusal to sentence defendant-appellee Eric T. McNary ("McNary") under S.B. 201, known as the Reagan Tokes Law.

{¶ 2} We reverse the trial court's judgment and remand the case for resentencing pursuant to the Reagan Tokes Law.

## I. Facts and Procedural History

{¶ 3} McNary pleaded guilty to burglary, R.C. 2911.12(A)(3), a third-degree felony as amended in Count 1 of the indictment, felonious assault, R.C. 2903.11(A)(1), a second-degree felony, as amended in Count 2 of the indictment, and R.C. 2909.04(A)(1), a fourth-degree felony, as amended in Count 3 of the indictment. The trial court refused to impose sentence on Count 2 on the ground that the Reagan Tokes Law is unconstitutional.

{¶ 4} The state offers that it posed the instant appeal due to the then pending en banc decision by this court in *State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.), holding that the law is unconstitutional. Specifically, the state argues that the Reagan Tokes Law does not violate the constitutional right to trial by jury, due process, or the separation-of-powers doctrine. The state also argues that even if portions of the law are unconstitutional, the doctrine of severance does not require the elimination of all provisions of the Reagan Tokes Law.

{¶ 5} We need not dwell on the arguments presented. Since the filing of this appeal, the Ohio Supreme Court held in *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, that constitutional challenges to the Reagan Tokes Law are ripe for review. In addition, based on the authority established by this district's en banc holding in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) the

challenges that the state has advanced against the constitutional validity of the Reagan Tokes Law have been sustained. *Id*. at ¶ 17-54.

**{¶ 6}** The state's assigned error is sustained. The sentence is reversed and remanded for resentencing under the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

ANITA LASTER MAYS, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). (Laster Mays, J., concurring in part and dissenting in part).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.